1
2
3
4
5
6
7
8
9                    UNITED STATES DISTRICT COURT

10                   EASTERN DISTRICT OF CALIFORNIA

11                        ----oo0oo----

12
13
EXACT IDENTIFICATION
14 CORPORATION,
                                NO. CIV. S-05-02116 FCD PAN
15          Plaintiff,

16     v.                       MEMORANDUM AND ORDER

17 FELDMAN SHERB & CO., P.C., a
   Corporation, GRASSI & COMPANY,
18 a Corporation, and DOES 1
   through 20, inclusive,
19
            Defendants.
20

21                        ----oo0oo----

22     This matter comes before the court on defendants' Feldman

23 Sherb & Co., P.C., ("Feldman") and Grassi & Co.'s ("Grassi")

24 motion to transfer venue on convenience grounds.  Plaintiff Exact

25 Identification Corporation ("Exact ID") does not oppose the

26
27
28
                              1

motion.  For the reasons set forth below,[1] defendants' motion is GRANTED.

This suit arises out of a contract between the parties for an audit of Exact ID's business and accounting records.[2] Plaintiff brings claims for breach of contract, negligence, intentional interference with contractual relations, and intentional interference with prospective economic advantage. Defendant Feldman is a New York corporation with its principal place of business in New York, New York.  Defendant Grassi is a New York corporation with its principal place of business in Lake Success, New York.  Exact ID is a Nevada corporation with its principal place of business in Lake Oswego, Oregon.  Plaintiff filed this action in the Sacramento County Superior Court, State of California in September 2005.  Defendant Feldman removed the action to this court in October 2005 on the basis of diversity jurisdiction.  Defendants Feldman and Grassi subsequently filed this motion to transfer venue of the case to the United States District Court for the Southern District of New York on convenience grounds.

Under 28 U.S.C. § 1404(a), a district court may "for the convenience of parties and witnesses, in the interest of justice . . . transfer any civil action to any other district where it

[1]      Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. E.D. Cal. Local Rule 78-230(h).

[2]      Defendants did not submit declarations to substantiate the facts cited in their memorandum of points and authorities. However, because plaintiff wholly unopposed defendants' motion, the court will accept the facts presented by the defendants in their memorandum of points and authorities as true for the purposes of this motion.

might have been brought." 28 U.S.C. § 1404(a).  A defendant
moving to transfer venue under § 1404(a) must therefore satisfy
both of the following requirements: (1) the transferee district
is one in which the action might have been brought originally;
and (2) transfer will enhance the convenience of the parties and
witnesses, and is in the interests of justice.  See Van Dusen v.
Barrack, 376 U.S. 612, 616 (1964).  In considering the second
requirement, the court employs a case by case analysis, which may
include evaluation of the following factors: (1) the plaintiff's
choice of forum; (2) the respective parties' contacts with the
forum; (3) the availability of compulsory process; (4) the
convenience of parties and witnesses; and (5) judicial economy.
See Jones v. GNC Franchising, Inc., 211 F.3d 495, 498-99 (9th
Cir. 2000).

Venue is governed by 28 U.S.C. § 1391.  Section 1391
provides that "a civil action wherein jurisdiction is filed only
on diversity of citizenship may . . . be brought only in [] a
judicial district where any Defendant resides, if all Defendants
reside in the same state . . . ."  28 U.S.C. § 1391 (West 2006).
Both defendants reside in the State of New York.  Defendant
Feldman's principal place of business, and residence for the
purpose of venue, is in New York, New York.  Therefore, the first
requirement for a venue transfer pursuant to § 1404(a) is met
because plaintiff could have brought this action originally in
the United States District Court for the Southern District of New
York.

Considering defendant's showing in light of the factors
described in Jones, the court finds defendants have demonstrated

that transfer is warranted.  First, while courts generally afford considerable weight to plaintiff's choice of forums, the deference is considerably less where plaintiff does not reside in the forum where the action was commenced.  Lou v. Belzberg, 834 F.2d 730, 739 (9th Cir. 1987).  In this case, plaintiff was authorized to do business in California,[3] but was never a resident of California.  Thus, none of the parties are residents of California nor have their principal places of business in California.  Indeed, the plaintiff is no longer authorized to conduct business in California.  Further, plaintiff does not oppose transfer to the Southern District of New York.  These facts weight in favor of transfer from this district.

Second, the major witnesses are from defendant corporations. The witnesses that will be compelled to provide discovery and appear for depositions and trial are from New York, where defendants reside and are domiciled.  A majority of the documents relevant to the action are located with defendants in New York. These facts also weigh in favor of transfer from this district to the Southern District of New York.

Finally, the interests of justice favor transfer from this district.  There is little, if any, local interest in this case. The only contact with this forum is that plaintiff was authorized to do business in California for a brief time.  Therefore, there is little reason to adjudicate this matter in a California forum.

/////

////

-----

[3]   Plaintiff forfeited his right to do business in California in 2002.

4

1    For the reasons set forth herein, defendants' motion to

2  transfer venue to the United States District Court for the

3  Southern District of New York is GRANTED.

4

5    IT IS SO ORDERED.

6  DATED: January 27, 2006

             /s/Frank C. Damrell, Jr.

7           FRANK C. DAMRELL, Jr.
            UNITED STATES DISTRICT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28